# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV609-075 |
| | ) |
| STATESBORO POLICE DEPT., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Carol Wilkerson, a *determined* repeat filer in this Court,[1] brings this "Privacy Act of 1974" and "Federal Tort Act of 1946" case. Doc. 1

---

[1] *See Wilkerson v. MaxWay Dep't Store*, 2009 WL 3481896 at * 2 (S.D. Ga. Oct. 28, 2009) (dismissed as frivolous case alleging that retailer violated the Privacy Act of 1974 by accusing her, via local police, of shoplifting); *Wilkerson v. Statesboro Fin. Co.*, No. CV609-069 (S.D. Ga. filed Sept. 22, 2009) (upset with a car loan, the lender, and its collection agency, plaintiff alleges a violation of the Privacy Act of 1974; pending Report and Recommendation advises that case be dismissed with prejudice as frivolous); *Wilkerson v. H&S Lee, Inc.*, No. CV609-033, doc. 9 (S.D. Ga. dismissed June 16, 2009) (employment discrimination case dismissed without prejudice on administrative non-exhaustion grounds); *Wilkerson v. EEOC*, No. CV606-034, doc. 8 (S.D. Ga. dismissed June 16, 2009) (Freedom of Information Act case against EEOC dismissed without prejudice on administrative non-exhaustion grounds); *Wilkerson v. Bulloch County Sheriff's Dep't*, No. CV605-106, doc. 12 (S.D. Ga. dismissed Apr. 12, 2006) (rejecting under *Heck v. Humphrey*, 512 U.S 477 (1994), then inmate-Wilkerson's 42 U.S.C. § 1983-based, "false imprisonment" case because she failed to

at 3-4. Swearing under oath that she last worked as a self-employed house cleaner on "10-20-08," she moves to proceed in forma *pauperis* (IFP). Doc. 2. The Court **GRANTS** that motion.

In *MaxWay*, however, this Court warned

> Wilkerson not to "make a federal case" out of every commercial spat or disagreement, incident, etc., that irks her. It is simply unacceptable to invoke the power of this Court to sue someone merely by opening up a Federal Code volume and willy-nilly picking a statute on which to peg jurisdiction. Future frivolous lawsuits will be met with judicial relief aimed at protecting a precious public resource: The federal court system. Staff time and storage space are necessarily consumed by frivolous lawsuits like this. The appropriate deterrence sanction will be employed next time; Wilkerson is hereby forewarned.

*MaxWay*, 2009 WL 3481896 at * 2.

Citing *MaxWay*,[2] Wilkerson has once again initiated federal court litigation, this time against both the Statesboro (Georgia) Police Department and the Bulloch County Sheriff's Department. Doc. 1 at 1.

---

state a claim); and *Wilkerson v. Grinnell Corp.*, No. CV699-133, doc. 44 (S.D. Ga. dismissed Apr. 16, 2005) (summary judgment, merits dismissal of employment discrimination claims, including one for a "sex-based hostile environment").

[2] "Plaintiff believes that some officials is [sic] conspiring against her, that's why her case against Maxway was dismissed without prejudice. Somebody from Statesboro is making calls. Plaintiff will *not* stop until she gets justice. Plaintiff . . . never files frivilis [sic] lawsuit in this court. Her lawsuits has [sic] merit." Doc. 1 at 5 (emphasis added).

2

She alleges that she "filed a complaint in July of 2009 with both administrative offices. Plaintiff Wilkerson have [sic] not heard a response from either defendant." Doc. 1 at 4. She then goes on to allege that her complaint has disappeared into a bureaucratic labyrinth, and this has violated her civil rights: "Statesboro Police Dept. has officers that has [sic] tazed [sic] Ms. Wilkerson and, brought to her bodily harm. That way they don't want to produce her complaint. Because they know they is [sic] in some serious trouble." Doc. 1 at 5.

This is the same sort of frivolous case as plaintiff has brought in the recent past. Construing her pro se pleadings liberally, *see MaxWay*, 2009 WL 3481896 at * 2 n. 3 (pro se pleading standards) and under 28 U.S.C. § 1915(e)(2)(B), *see id.* at * 1, it is clear that Wilkerson is adamant about randomly citing to federal statutes on which to peg jurisdiction to harass others with facially frivolous lawsuits. (She does not even hint at what kind of "tasing" she endured, much less what sort of "administrative complaint" she filed -- surely she retained a copy -- or how administrative exhaustion, much less claimed procedural due process deprivations arising from deliberately losing/concealing same, in

any way supports a Federal Tort Claims Act claim against *state* entities.)³

And once again, merely adverting to the fact that some federal agency *may* have information on oneself does *not* establish federal jurisdiction over others who have nothing to do with collecting, managing, or using that information.

Worse, Wilkerson filed this case notwithstanding her receipt of the *MaxWay* Order warning her to *stop*. Hence, this case should not only be **DISMISSED WITH PREJUDICE**, but for the next six months Wilkerson should be barred from filing any more lawsuits until she first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that she files. And if that does not work, then stronger remedies may be required. *See Chapman v. Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009) (court executive committee's order directing destruction of any papers submitted either directly or indirectly by or on

---

³ "The FTCA 'grants federal district courts jurisdiction over a certain category of claims for which the *United States* has waived its sovereign immunity and 'render[ed]' itself liable.' *F.D.I.C. v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994) (*citing Richards v. United States*, 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962))." *Williams v. United States*, 2009 WL 3459873 at * 16 (S.D. Tex. Oct. 20, 2009) (emphasis added).

behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts).[4]  No litigant may clog this Court with repeated, frivolous filings.

**SO REPORTED AND RECOMMENDED** this  12th   day of November, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**

---

[4] The *Chapman* court distinguished *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008), which disapproved of a similar order entered by this Court imposing a *permanent* bar on an abusive prisoner litigant.